UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKY DAVID SECHREST,<br><br>　　　　Petitioner,<br><br>vs.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　Respondents.<br> | 3:92-cv-0536-ECR-WGC<br><br>**ORDER** |

　　　　This action is a petition for a writ of habeas corpus by Ricky David Sechrest, a Nevada prisoner sentenced to death. On September 14, 2011, the court entered an order granting Sechrest's fourth amended habeas petition in part and denying it in part, and entered judgment accordingly (docket #206, #207). In its September 14, 2011 order, in compliance with the mandate of the court of appeals (*see Sechrest v. Ignacio*, 549 F.3d 789, 807-18 (9th Cir.2008)), this court granted Sechrest habeas corpus relief with respect to two of his claims, both of which challenged his death sentences, and the court ordered that "within 120 days of the date of entry of [the September 14, 2011 order] the State of Nevada shall either (1) grant petitioner a new penalty phase trial, and initiate proceedings relative to that new penalty phase trial, or (2) vacate petitioner's death sentences and impose upon him non-capital sentences, consistent with law." Order entered September 14, 2011 (docket #206), p. 70. The court denied Sechrest habeas corpus relief with respect to the remainder of his claims,

including all his claims that his convictions are unconstitutional. *Id*. at 69-70. The court granted Sechrest a certificate of appealability with respect to one claim on which relief was denied. *Id*. at 70.

On October 14, 2011, Sechrest filed a notice of appeal (docket #208). Also on October 14, 2011, respondents filed a "Motion to Stay New Sentencing" (docket #209). In that motion, respondents assert that "requiring the State to conduct a new sentencing hearing while the Petitioner's underlying conviction remained under collateral attack would waste judicial resources and that it would be more prudent to postpone the Petitioner's new sentencing hearing until such time as the Petitioner's appellate rights in the federal courts are fully satisfied." Motion to Stay New Sentencing (docket #209), pp. 2-3. Respondents "request that this Court stay the portion of its order requiring the State to start resentencing proceedings no later than January 12, 2012 and modify its order so that the State is required to start resentencing proceedings no later than 120 days after the Mandate from the Court of Appeals is spread on the records of the Court, whenever that date might be." *Id*. at 3.

Sechrest filed a response to respondents' Motion to Stay New Sentencing on the same day, October 14, 2011 (docket #210) . In his response, Sechrest states:

> Petitioner agrees with respondents that it would conserve judicial resources to stay the Court's order insofar as it grants relief as to the sentence and requires the state to commence proceedings to impose a new sentence within 120 days of the order. If petitioner prevails on appeal, an entire new trial will be required, thus rendering any intervening sentencing proceeding a nullity.
>
> Accordingly, petitioner joins in respondents' motion, and requests that this Court stay its final order pending resolution of the appeal and issuance of the mandate by the Court of Appeals.

Response to Motion to Stay New Sentencing (docket #210), pp. 1-2. Respondents did not reply.

The respondents' motion is in the nature of a motion for stay of judgment pending appeal, and is properly made in this court in the first instance. *See* Fed. R. App. P. 8(a)(1). The parties are in agreement that the stay of the judgment requested by the respondents would conserve judicial resources, and the parties agree that the court should impose such a stay. The court will, therefore, grant respondents' motion, and impose a stay of the September 14, 2011 judgment, to the extent it

requires the State to initiate a new sentencing hearing or re-sentence Sechrest to non-capital sentences.

**IT IS THEREFORE ORDERED** that respondents' Motion to Stay New Sentencing" (docket #209) is **GRANTED**.  The provision of the order and judgment of September 14, 2011, requiring that "within 120 days of the date of entry of this order the State of Nevada shall either (1) grant petitioner a new penalty phase trial, and initiate proceedings relative to that new penalty phase trial, or (2) vacate petitioner's death sentences and impose upon him non-capital sentences, consistent with law," is stayed pending petitioner's appeal to the Ninth Circuit Court of Appeals.  The stay of that provision of the judgment shall be lifted when the Ninth Circuit Court of Appeals issues its mandate with respect to petitioner's appeal.  The 120-day period, within which the State of Nevada must initiate a new sentencing hearing or re-sentence Sechrest to non-capital sentences, shall begin to run when a mandate regarding petitioner's appeal is issued by the court of appeals.

Dated this 31st day of October, 2011.

*Edward C. Reed*
_____
UNITED STATES DISTRICT JUDGE